**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF**

| | |
|---|---|
| 1. VICTORIA RIGNEY and JAMES RIGNEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| 1. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

No. 16-cv-00542-JED-PJC

*Honorable John Edward Dowdell*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Rule 38(b) of the Federal Rules of Civil Procedure and Local Civil Court Rule 81.1 of the United States District Court for the Northern District of , hereby files this Notice of Removal of this case from the District Court of Tulsa County, Oklahoma, in which court this case is pending, to the United States District Court for the Northern District of , being the district embracing the place where the case is pending. In support of this Notice of Removal, Defendant states the following:

**Timeliness of Removal**

1.  Plaintiffs commenced this action by filing the Petition in the District Court of Tulsa County, Oklahoma, on July 12, 2016.

2. State Farm was served via the Insurance Commissioner on July 18, 2016.

3. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of the Docket Sheet and a clearly legible copy of all documents filed or served in the Tulsa County case are attached to this Notice of Removal as **Exhibit Nos. "1" through "5".**

4. This removal was effected within 30 days of service of the Petition on State Farm and therefore is timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

## Diversity Jurisdiction

5. At the time the Petition was filed, at the time of removal and all intervening times, the Plaintiffs were (and are) a resident and citizen of the State of .

6. State Farm is a foreign insurance company incorporated in the State of Illinois and its principal place of business is in the State of Illinois. State Farm is licensed to do business in the State of . Therefore, it is deemed to be an Illinois citizen for the purpose of diversity.

7. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiffs and State Farm. Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**Allegations and Claims in the Petition**

8. According to Plaintiffs' Petition, the underlying lawsuit arises out of a "hit and run" accident involving Plaintiffs and an unknown driver of a black pickup truck, which occurred on or about April 25, 2016. Plaintiffs had a policy of automobile insurance, policy number 0074-153-36G, issued by State Farm, included provisions for uninsured/underinsured motorist coverage, medical payments coverage, and collision coverage. Plaintiffs contend the policy was in force at the time of the accident and further contends State Farm has breached the insurance contract and caused Plaintiffs damages by the refusal to pay Plaintiffs' demands for underinsured motorist benefits. Plaintiffs also contend State Farm's actions in handling Plaintiffs' claim were in bad faith. Plaintiffs also seek punitive damages to punish State Farm for its alleged bad faith conduct. Plaintiffs' insurance policy with State Farm has uninsured/underinsured motorist coverage of $50,000.00/$100,000.00 and medical payments coverage of $5,000.00.

9. At the time that suit was filed and up to this day, State Farm was continuing its investigation into Plaintiffs' claims and to date has not denied any UM/UIM payment due or owing to Plaintiffs.

10. Plaintiffs allege that State Farm breached its contract with Plaintiffs and that State Farm breached its duty of good faith and fair dealing. All of this is denied by State Farm.

## Amount in Controversy

11. State Farm and its counsel represent to this Court their good faith belief that the amount in controversy is met for the following reasons:

    a. Plaintiffs alleges State Farm acted in bad faith and that State Farm breached the insurance contract with Plaintiffs.

    b. Plaintiffs specifically state in their Petition that they are seeking judgment against State Farm in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332 for compensatory and punitive damages.

    c. Plaintiff's Petition asserts that State Farm's conduct was such that it is claimed to be liable for damages which include actual and punitive damages.

    d. Based on Plaintiffs' allegations, prayer for recovery of actual and punitive damages, Plaintiffs are seeking judgment against State Farm in an amount exceeding the sum of $75,000.00, together with interest, attorney fees and costs, which is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

12. While State Farm disputes Plaintiffs' allegations, State Farm and its counsel have attempted in good faith to set forth the factual basis for establishing the amount in controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995). *See also Schrader v. Farmers Insurance Company*, 2008 WL 2782710 (W.D. Okla.) (citing to *McPhail v. Deere & Co.* 529 F.3d 947 (10th Cir. 2008).

13.     Pursuant to 28 U.S.C. § 1446(a), State Farm acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

14.     State Farm and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. § 1446(b) which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .

State Farm contends that removal is proper based upon the face of the Petition and that said removal has been done so timely. *See Martin v. Franklin Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the amount-in-controversy requirement is "affirmatively established" on the face of either the state court petition or the notice of removal); *see also* 23 O.S. § 9.1(C)(2)(b); *Meira v. Dairyland Ins. Co.*, 143 F.3d 1337 (10th Cir. 1998); *Salaar v. Geico Ins. Co.*, 2010 WL 2292930 (D.N.M. 2010).

15. The Tenth Circuit has construed the language of 28 U.S.C. § 1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). The notice of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id.* (citing *DeBry*, 601 F.2d at 486-88).

16. Upon the face of Plaintiffs' Petition, it clearly states that Plaintiffs seek money damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

17. Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal. *Laughlin*, 50 F.3d at 873. State Farm and its counsel contend that the facts and reasons set forth above support removal.

18. Pursuant to LCvR 81.1, State Farm demands a jury trial and affirmatively states Plaintiffs are put on notice of said demand.

19. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiffs through their counsel of record and a copy of this Notice of Removal has been filed with the District Court of Tulsa County, Oklahoma.

Respectfully submitted,

WILSON, CAIN & ACQUAVIVA
300 Northwest 13th Street, Suite 100
Oklahoma City, OK 73103
Telephone:  (405) 236-2600
Date:  August 16, 2016                Facsimile:    (405) 231-0062


 s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@aol.com
**ATTORNEYS FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

  X    I hereby certify that on the 16th day of August, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Randall A. Gill
2512 East 21st Street
Tulsa, OK 74114-1706
Gill-Law@swbell.net
**ATTORNEYS FOR PLAINTIFF**

     I hereby certify that on the         day of        , 2016, I served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon to the following:

  s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr.